# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE PALMER, Administratrix of the ESTATE OF EVERETT PALMER, JR., Deceased, | : | NO.: 1:20-cv-00539-SHR |
| | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION – LAW |
| | : | |
| | : | JUDGE SYLVIA RAMBO |
| v. | : | |
| | : | |
| YORK COUNTY PENNSYLVANIA, et al., | : | *Electronically Filed* |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## PRIMECARE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CIVIL ACTION COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, come the Defendants PrimeCare Medical, Inc. ("PrimeCare"), David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever (collectively referred to as "PrimeCare Defendants"), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, who file this Answer with Affirmative Defenses to Plaintiff's First Amended Civil Action Complaint (Doc. 26) by respectfully stating the following:

## NATURE OF THE ACTION

1.      Admitted in part; denied in part.  It is admitted that Everett Palmer, Jr., had an outstanding warrant for his arrest and that he was booked and incarcerated in the York County Jail.  The remainder of this allegation is denied in

that it contains conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.

## PARTIES

2.      Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

3.      Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

4.      The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

5.      The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

6.      The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

7.     Admitted in part; denied in part.  It is admitted that David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever were or are employees of PrimeCare Medical, Inc.  It is denied that John Doe PrimeCare Employees 1-2 are PrimeCare employees since these individuals are unidentified.

8.     Admitted.

9.     The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

10.    The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

11.    The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

12.    The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required.  If a response is required, said averments are denied.

## JURISDICTION AND VENUE

13.     Admitted in part; denied in part.  It is admitted that this Court has jurisdiction and venue at this time.  It is denied that Plaintiff's Amended Complaint demonstrates a cause of action against the PrimeCare Defendants.

## FACTS RELATED TO THE
## UNLAWFUL KILLING OF EVERETT PALMER, JR.

14.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

15.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

16.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

17.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

18.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

19.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

20.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

21.     Denied.  After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.  The same is therefore denied.

22.     Admitted in part; denied in part.  It is admitted that Everett Palmer, Jr. was remanded to the custody of the York County Prison.  The remainder of this allegation is denied.

23. – 115.    Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, at all times material hereto, Everett Palmer, Jr. received medical treatment

which conformed with the applicable standard of care.  At no time did any healthcare professional exhibit a deliberate indifference to a serious medical condition.

## WRONGFUL DEATH ACTION

116. – 121.   Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, Plaintiff's Amended Complaint fails to demonstrate a viable cause of action against any of the PrimeCare Defendants.  Specifically, at no time did any of the medical professionals exhibit a deliberate indifference to a any serious medical need of Everett Palmer, Jr.  Thus, Plaintiff is not entitled to recover any damages.

## WRONGFUL DEATH ACTION

122.  Denied.   The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, Plaintiff's Amended Complaint fails to demonstrate a viable cause of action against any of the PrimeCare Defendants.  Specifically, at no time did any of the medical professionals exhibit a deliberate indifference to a any serious

medical need of Everett Palmer, Jr.  Thus, Plaintiff is not entitled to recover any damages.

## COUNT I:  VIOLATION OF THE FOURTEENTH AMENDMENT - EXCESSIVE FORCE ON A PRETRIAL DETAINEE
*Plaintiff v. Eric Emig, Nicholas Cessna, Donald Kopp, Timothy Irizarry, Gregory Clark, William Lybrand, Tyler Larkin, Max Fink, Wayne Smith, and Ted Konasol*

123.   The responses to paragraphs 1 through 122 are incorporated as if set forth herein at length.

124. – 127.   The averments contained in these paragraphs are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

## COUNT II:  ASSAULT AND BATTERY
*Plaintiff v. Eric Emig, Nicholas Cessna, Donald Kopp, Timothy Irizarry, Gregory Clark, William Lybrand, Tyler Larkin, Max Fink, Wayne Smith, and Ted Konasol*

128.   The responses to paragraphs 1 through 127 are incorporated as if set forth herein at length.

129. – 132.   The averments contained in these paragraphs are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

### COUNT III:  VIOLATION OF THE FOURTEENTH AMENDMENT - DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
### Provision of Methamphetamine and Failure to Intervene
*Plaintiff v. Defendants Schneider, Fitskee, Bolding, Belt, John Doe Officer 5, John Doe PrimeCare Employee, and PrimeCare Medical, Inc.*

133.   The responses to paragraphs 1 through 132 are incorporated as if set forth herein at length.

134. – 141.   Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, the law is clear that PrimeCare cannot be responsible for an alleged failure to intervene.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

## COUNT IV:  VIOLATION OF THE FOURTEENTH AMENDMENT - DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
### Need for Mental Health Treatment
*Plaintiff v. Defendants John Doe Officers 1-4, Knight, Zinn, and PrimeCare Medical, Inc.*

142.   The responses to paragraphs 1 through 141 are incorporated as if set forth herein at length.

143. – 150.   Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, at all times material hereto, Everett Palmer, Jr. received medical treatment which conformed with the applicable standard of care.  At no time did any medical professional exhibit a deliberate indifference to Everett Palmer, Jr.'s alleged serious medical needs.  Further, PrimeCare cannot be vicariously liable for the alleged unconstitutional acts of its employees.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

### COUNT V:  VIOLATION OF THE FOURTEENTH AMENDMENT - DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
#### Need for Emergency Medical Treatment
*Plaintiff v. Defendants Emig, Cessna, Kopp, Irizarry, Clark, Lybrand, Larkin, Fink, Smith, Konasol, Zinn, Knight, Steuffer, Webster, Pauley, and PrimeCare Medical, Inc.*

151.   The responses to paragraphs 1 through 150 are incorporated as if set forth herein at length.

152. – 159.   Denied.  The averments contained in these paragraphs contain conclusions of law and fact to which no response is required.  If a response is deemed required, the averments contained herein are denied.  By way of further answer, at all times material hereto, Everett Palmer, Jr. received medical treatment which conformed with the applicable standard of care.  At no time did any medical professional exhibit a deliberate indifference to Everett Palmer, Jr.'s alleged serious medical needs.  Further, PrimeCare cannot be vicariously liable for the alleged unconstitutional acts of its employees.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

## COUNT VI:  PRODUCT LIABILITY
*Plaintiff v. Axon Enterprise, Inc.*

160.   The responses to paragraphs 1 through 159 are incorporated as if set forth herein at length.

161. – 167.  The averments contained in these paragraphs are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

## COUNT VII:  PRODUCT LIABILITY
*Plaintiff v. Defendant John Doe Corporation 1*

168.   The responses to paragraphs 1 through 167 are incorporated as if set forth herein at length.

169. – 175.   The averments contained in these paragraphs are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

## COUNT VIII:  PRODUCT LIABILITY
*Plaintiff v. Defendant John Doe Corporation 2*

176.   The responses to paragraphs 1 through 175 are incorporated as if set forth herein at length.

177. – 183.   The averments contained in these paragraphs are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

## COUNT IX:  MUNICIPAL LIABILITY
*Plaintiff v. York County and York County Prison Board*

184.   The responses to paragraphs 1 through 183 are incorporated as if set forth herein at length.

### Lack of Policies and Training

185. – 190.  The averments contained in these paragraphs are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

### Custom of Excessive Force and Inmate Abuse

191. – 220.  The averments contained in these paragraphs are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.      At all times material hereto, the PrimeCare Defendants provided medical treatment which conformed to the applicable standard of care.

3.      Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.

4.      Plaintiff's claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

5.      Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

6.      Plaintiff's claims and/or alleged losses are barred by the applicable statute of limitations.

7.      Plaintiff's claims and/or alleged losses are limited or barred by the Pennsylvania Mental Health Procedures Act.

8.      At no time were constitutional rights of Plaintiff and Everett Palmer, Jr. violated.

9.     At all times material hereto, the PrimeCare Defendants are immune from suit.

10.    PrimeCare Medical, Inc.'s policies and procedures conform to national accreditation standards.

11.    PrimeCare Medical, Inc. cannot be vicariously liable for the alleged unconstitutional acts of its employees

12.    The healthcare providers who provided treatment to Everett Palmer, Jr. utilized their best professional judgment in evaluating and providing treatment.

13.    At all times material hereto, the practices of the PrimeCare Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public.

14.    At no time material hereto did the PrimeCare Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

15.    Plaintiff did not suffer any injuries or damages as a result of any acts or omissions by the PrimeCare Defendants.

16.    Plaintiff has added parties and claims after the expiration of the applicable statute of limitations.

WHEREFORE, Defendants PrimeCare Medical, Inc., David Zinn, Catherine Steuffer, Joanne Webster, Diana Knight, Joshua Pauley, Katherine Shield, and

Bryce Lefever respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in their favor.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


By:   s/*John R. Ninosky*
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone (717) 651-3709
Facsimile (717) 651-3707
jrninosky@mdwcg.com
Attorney for PrimeCare Defendants

Date:   July 23, 2020

LEGAL/131526167.v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of July, 2020, the foregoing *Answer of PrimeCare Defendants to Plaintiff's Amended Complaint with Affirmative Defenses* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Daniel N. Purtell, Esquire
John J. Coyle, Esquire
McEldrew Young
123 S Broad Street, Suite 2250
Philadelphia, PA 19109
dpurtell@mceldrewyoung.com
jcoyle@mceldrewyoung.com
*Attorneys for Plaintiff*

S. Lee Merritt, Esquire
Merritt Law
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
lee@leemerrittesq.com
*Attorney for Plaintiff*

Matthew Clayberger, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street ~ P.O. Box 999
Harrisburg, PA  17101
mclayberger@tthlaw.com
*Attorney for York County and York County*
*Prison Board*

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

By:   s/*John R. Ninosky*
       John R. Ninosky