# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSE PALMER, ADMINISTRATRIX OF THE ESTATE OF EVERETT PALMER, JR., DECEASED | NO. 1:20-CV-00539 |
| Plaintiff | CIVIL ACTION – LAW |
| v. | HON. SYLVIA H. RAMBO |
| YORK COUNTY, PENNSYLVANIA, *et al.* | ELECTRONICALLY FILED |
| Defendants | **ORAL ARGUMENT REQUESTED** |

## BRIEF IN SUPPORT OF
## DEFENDANT AXON ENTERPRISE, INC.'S MOTION TO DISMISS, OR, <u>IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT</u>

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION.................................................................................. 1

PROCEDURAL HISTORY ........................................................................ 2

STATEMENT OF FACTS ........................................................................ 4

STATEMENT OF QUESTIONS INVOLVED.......................................... 5

LEGAL STANDARD ............................................................................. 5

ARGUMENT ........................................................................................ 7

    I.   Plaintiff's Claims Against Axon Are Barred Because They Were Not Brought Within the Two-Year Statute of Limitations. ................................ 7

    II.  Plaintiff Fails to Sufficiently Plead Plausible Product Liability Claims as a Matter of Law.................................................................... 11

        A.   Plaintiff's Negligent Marketing Claim Is Not Recognized in Pennsylvania.................................................................... 11

        B.   Plaintiff Fails to Adequately Plead a Claim for Negligent Design. .... 12

            1.   Plaintiff Alleges No Facts to Support a Finding of Negligence. ................................................................. 13

            2.   Plaintiff Alleges No Facts to Support a Finding of Product Defect. ...................................................................... 14

    III.  Plaintiff Fails to Sufficiently Plead a Punitive Damages Claim. ............... 16

    IV.  Plaintiff's Wrongful Death and Survival Claims Fail................................ 17

CONCLUSION.................................................................................... 18

ORAL ARGUMENT ............................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*Aaron v. Wyeth*, No. 2:07cv927, 2010 U.S. Dist. LEXIS 14581
(W.D. Pa. Feb. 19, 2010) ........................................................................... 15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)............................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................... 12

*Baldino v. Castagna*, 478 A.2d 807 (Pa. 1984) ......................................... 12

*Barnes v. Am. Tobacco Co.*, 161 F.3d 127 (3rd Cir. 1998) ....................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................... 6

*Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38 (3rd Cir. 2009)................... 15

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................... 7

*Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143 (M.D. Pa. 2017) ....... 15

*Feld v. Merriam*, 485 A.2d 742 (Pa. 1984) .............................................. 16

*Flanagan v. Martfive, LLC*, No. 16cv1237, 2017 U.S. Dist. LEXIS 22861
(W.D. Pa. Feb. 17, 2017) ........................................................................... 8

*Garvin v. City of Phila.*, 354 F.3d 215 (3rd Cir. 2003).......................... 8, 9

*Habecker v. Clark Equip. Co.*, 36 F.3d 278 (3rd Cir. 1994) ................... 15

*Hutchinson v. Luddy*, 870 A.2d 766 (Pa. 2005)....................................... 16

*Jackson v. Louisville Ladder, Inc.*, No. 11-1527, 2011 U.S. Dist. LEXIS 135086,
(M.D. Pa. Nov. 23, 2011)......................................................................... 13

*Kosmack v. Jones*, 807 A.2d 927 (Pa. Commw. Ct. 2002).................... 14

*McClellan v. HMO*, 604 A.2d 1053 (Pa. Super. 1992) ............................ 7

*Moyer v. Rubright*, 651 A.2d 1139 (Pa. Super. Ct. 1994) ....................................... 17

*Phillips v. Cricket Lighters*, 841 A.2d 1000 (Pa. 2003).......................................... 13

*Phillips v. Cricket Lighters*, 883 A.2d 439 (Pa. 2005)............................................ 16

*Rizzo v. Haines*, 555 A.2d 58 (Pa. 1989) ................................................................ 16

*Robinson v. Johnson*, 313 F.3d 128 (3rd Cir. 2002) ................................................. 6

*Salvio v. Amgen, Inc.*, 810 F.Supp.2d 745 (W.D. Pa. 2011).................................... 11

*Sands v. McCormick*, 502 F.3d 263 (3rd Cir. 2007) ................................................. 6

*S.B. v. Ortho-McNeil-Janssen Pharms.*, 2013 Phila. Ct. Com. Pl. LEXIS 187,
(June 12, 2013) .......................................................................................................... 7

*Smith v. Yamaha Motor Corp.*, 5 A.3d 314 (Pa. Super. 2010) ............................... 15

*Taylor v. Tumolo*, No. 19-4533, 2020 U.S. Dist. LEXIS 55624
(E.D. Pa. March 31, 2020) ......................................................................................... 8

*Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481
(3rd Cir. 1985) ........................................................................................................... 7

*White v. Pocono Psychiatric Assocs.*, 36 Pa. D. & C.5th 424 (C.P. 2014).............. 8

*Wolfe v. McNeil-PPC, Inc.*, 773 F.Supp.2d 561 (E.D. Pa. 2011) ........................... 11

**Other Authorities**

Restatement (Second) of Torts § 908(2) ................................................................... 16

**Rules**

Fed. R. Civ. P. 4 ...................................................................................................... 10

Fed. R. Civ. P. 8 ...................................................................................................... 12

Fed. R. Civ. P. 12 ............................................................................... 5, 6, 12

Fed. R. Civ. P. 15 ..................................................................................... 9

Fed. R. Civ. P. 56 ..................................................................................... 6

**Statutes**

42 Pa.C.S. § 5524 ..................................................................................... 7

42 Pa.C.S. § 8301 ................................................................................... 17

42 Pa.C.S. § 8302 ................................................................................... 17

**INTRODUCTION**

This action involves the death of Everett Palmer, Jr. ("Mr. Palmer") who, according to Plaintiff Rose Palmer's ("Plaintiff") own allegations, died from "asphyxiation [] likely caused by physical abuse, restraint, and the application of a spit-hood." First Amend. Compl. ("FAC") (Dkt. 26) at ¶ 108. Plaintiff, administratrix of Mr. Palmer's Estate, commenced this action on April 1, 2020 by filing the first Complaint. That Complaint brought claims against over a dozen defendants, but *did not* name Defendant Axon Enterprise, Inc. ("Axon") or assert any claims against it.

Despite Plaintiff's assertion that Mr. Palmer died of asphyxiation, Plaintiff now attempts to assert claims against Axon relating to the alleged use of a TASER® conducted energy weapon ("CEW") on Mr. Palmer at some point before his death. FAC ¶¶ 81, 84-85. However, all of Plaintiff's claims against Axon are time-barred, as Axon did not receive notice of the lawsuit and did not otherwise know it would be made a party to the action until August 3, 2020, nearly 4 months *after* the expiration of the 2-year statute of limitations.

Additionally, Plaintiff's First Amended Complaint fails to sufficiently allege plausible claims against Axon and therefore fails as a matter of law. Accordingly, Plaintiff's First Amended Complaint and all of her claims against Axon should be dismissed with prejudice.

1

## **PROCEDURAL HISTORY**

Plaintiff filed the first Complaint in this action on April 1, 2020 in the United States District Court for the Middle District of Pennsylvania. *See* Compl. (Dkt. 1). The first Complaint brought claims against over a dozen defendants, including York County, the York County Prison Board, the Prison's Warden, a York County Coroner, York County's District Attorney, York County's Solicitor and Deputy Solicitor, three York County's Commissioners, York County's Controller, a former York County Sheriff, and President Judge of York County Court of Common Pleas ("County Defendants"). *See* Dkt. 1 at ¶¶ 4-22.   Also named were York County Prison's medical provider Prime Care Medical Inc., Forensic Pathology Associates, the Forensic Pathology employee who performed Mr. Palmer's autopsy, as well as various John Does, including Prison Guards, employees of Prime Care, and unidentified manufacturers of "spit hoods, tasers and/or yet to be identified restraint devices" used within the prison. *Id.*

Per a stipulation between the named parties (Dkt. 24), which did not include Axon, Plaintiff amended her Complaint on July 9, 2020 to name Axon Enterprise, Inc., and identified many of the John Doe employees from her original Complaint. *See* FAC at ¶¶ 4-12.   Regarding Axon, now named for the first time, Plaintiff alleged

that it manufactured the "TASER X26" CEW[1] used by defendant officers at York County Prison. *See Id.* at ¶¶ 9, 161. Of the First Amended Complaints' nine counts, only Count VI for product liability is brought against Axon. *See Id.* at ¶¶ 160-167. Plaintiff's "WHEREFORE" clause following Count VI also appears to assert claims for punitive damages, wrongful death, and survival against Axon. *See Id.* at Count VI.

Prime Care and the County Defendants answered Plaintiff's First Amended Complaint in late July and early August, respectively. *See* Prime Care's Answ. (Dkt. 28); County Defs.' Answ. (Dkt. 43).

Around that same time, Plaintiff sent Axon a request to waive formal service. *See* Waiver of the Service of Summons (Dkt. 44) ("7/24/2020, the date when this request was sent[.]"). Axon received the waiver request on August 3, 2020, along with a copy of Plaintiff's First Amended Complaint. Aff. of Kelly Greenberg ("Aff.") (Ex. 1) at ¶ 6. Axon agreed to waive service on August 6, 2020. *See* Dkt. 44. Axon moved, with Plaintiff's concurrence, to extend Axon's responsive pleading deadline to October 6, 2020, which the court granted. *See* Axon's Mot. for Extn. (Dkt. 46); Order Granting Axon's Mot. for Extn. (Dkt. 48).

---

[1] TASER® is a registered trademark of Axon. As an acronym, TASER is always written in all capital letters. Axon manufacturers TASER CEWs, not "tasers." CEW is synonymous with ECD (Electronic Control Device), CED (Conducted Energy Device), and ECW (Electronic Control Weapon).

## STATEMENT OF FACTS

Axon had no notice of either Plaintiff's original Complaint or her First Amended Complaint until August 3, 2020. Aff. at ¶ 4. Axon also did not otherwise know that it would be made a party to the action. *See Id.* at ¶ 5. Notice first came on August 3, 2020, when Axon received Plaintiff's request to waive service of the summons, along with a copy of the First Amended Complaint. *See Id.* at ¶ 6. Axon agreed to the request and promptly returned the executed Waiver of Service of Summons form on August 6, 2020. *See* Dkt. 44.

Plaintiff alleges the following in her First Amended Complaint:

Plaintiff's son, Everett Palmer, Jr., died on April 9, 2018 while in the custody of the York County Prison. FAC ¶ 1. Plaintiff alleges that York County correctional officers drugged Mr. Palmer, used excessive force to include hands-on physical force, a TASER CEW, restraint chair and spit hood, then failed to obtain emergency medical care. *See Id.* at ¶¶ 14-98. Plaintiff also alleges that various County officials sought to "cover-up" the events surrounding Mr. Palmer's death. *See Id.* at ¶¶ 105-115.

Mr. Palmer "was declared dead at a local hospital . . . as a result of asphyxiation." *Id.* at ¶ 98. The autopsy report concluded similarly: "[T]he findings detailed in the autopsy included microscopic changes consistent with hypoxic ischemia and lead to the unambiguous medical conclusion that [Mr. Palmer] died

from asphyxiation." *Id.* at ¶ 107. Plaintiff's First Amended Complaint specifically alleges that "[t]his asphyxiation was likely caused by physical abuse, restraint, and the application of a spit-hood." *Id.* at ¶ 108. Importantly, Plaintiff does not allege that Axon's CEW caused or otherwise contributed to Mr. Palmer's death. *Id.*

## STATEMENT OF QUESTIONS INVOLVED

**Question 1**: Are Plaintiff's claims against Axon barred by the applicable statutes of limitations?

**Suggested Answer**: Yes.

**Question 2**: Do Plaintiff's product liability claims fail as insufficiently pled?

**Suggested Answer**: Yes.

**Question 3**: Does Plaintiff's punitive damages claim fail as insufficiently pled?

**Suggested Answer**: Yes.

**Question 4**: Do Plaintiff's wrongful death and survival claims fail as insufficiently pled?

**Suggested Answer**: Yes.

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. It provides for dismissal of the complaint, in whole or in part, if the plaintiff failed to state a claim on which relief can be granted. Fed. R. Civ. P.

12(b)(6).  The moving party bears the burden of showing that no claim has been stated.  Dismissal is appropriate where, accepting the facts alleged in the complaint as true, the plaintiff has not pleaded sufficient "facts to state a claim to relief that is plausible on its face[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In resolving a motion to dismiss, the court considers the complaint, attached exhibits, and matters of public record.  *See Sands v. McCormick*, 502 F.3d 263, 268 (3rd Cir. 2007).

Although Rule 12(b) does not expressly permit a party to raise a limitations defense through a motion to dismiss, the Third Circuit does when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  *Robinson v. Johnson*, 313 F.3d 128, 135 (3rd Cir. 2002) (quotation omitted).

As for summary judgment, it is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that may affect the outcome of the suit under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Moreover, a party can support an assertion that a fact "cannot be" disputed through affidavits or declarations.  Fed. R. Civ. P. 56(c)(5).

When a moving party shows an absence of evidence to support the non-moving party's claims, the latter must "go beyond the pleadings and by [its] own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If that party fails to sufficiently show the existence of an element essential to their claim, on which they would have the burden at trial, summary judgment should be granted. *Id.* at 322-23.

## ARGUMENT

### I.     Plaintiff's Claims Against Axon Are Barred Because They Were Not Brought Within the Two-Year Statute of Limitations.

Plaintiff's First Amended Complaint purports to bring product liability,[2] punitive damages,[3] wrongful death, and survival claims[4] against Axon.  All of these claims are subject to a two-year statute of limitations.  *See* Br. at 7 n.2-4.  The limitations periods for these claims began to run when Mr. Palmer died on April 9, 2018 and expired two years later on April 9, 2020.  *See, e.g., Flanagan v. Martfive,*

---

[2] Negligence and strict liability actions for personal injuries must be brought within two years in Pennsylvania. *See* 42 Pa.C.S. § 5524(2). *See also Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3rd Cir. 1985) ("Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit, and statutes of limitations are considered substantive.") (citation omitted).

[3] In Pennsylvania, punitive damages do "not constitute a cause of action in and of itself.  Rather, a request for punitive damages is merely incidental to a cause of action." *McClellan v. HMO*, 604 A.2d 1053, 1061 (Pa. Super. 1992) (citation omitted).  "Thus, if no cause of action exists, then no independent action exists for a claim of punitive damage since punitive damages is only an element of damages." *S.B. v. Ortho-McNeil-Janssen Pharms.*, 2013 Phila. Ct. Com. Pl. LEXIS 187, *88 (June 12, 2013) (Ex. 6) (brackets, emphasis, and quotation omitted).

[4] Pennsylvania wrongful death and survival actions must be brought within two years. *See* 42 Pa.C.S. § 5524(2).

*LLC*, No. 16cv1237, 2017 U.S. Dist. LEXIS 22861, at *7 (W.D. Pa. Feb. 17, 2017) (Ex. 2) ("The applicable Pennsylvania statute of limitations for a product liability case is two years."); *White v. Pocono Psychiatric Assocs.*, 36 Pa. D. & C.5th 424, 435 (C.P. 2014) ("The statute of limitations for wrongful death or survival actions is two years[.]  Ms. Steele passed away on April 8, 2011.  The statute of limitations therefore expired on April 8, 2013[.]").  Thus, in order to proceed against Axon, Plaintiff had to bring her claims by April 9, 2020.  *See Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 149 (3rd Cir. 1998) ("[A] plaintiff must bring a claim before the applicable statute of limitations expires.").

But Plaintiff failed to bring any claim against Axon by the time the applicable statute of limitations elapsed on April 9, 2020.  Admittedly, Plaintiff's original Complaint, filed on April 1, 2020, could have satisfied the statute of limitations *had* Axon been named; however, it was not.  Plaintiff instead brought product liability claims against John Doe Corporations 1-5.  *See* Compl. at Count VI ("Count VI: Product Liability[,] *Plaintiff v. John Doe Corporations 1-5*").  But naming John Doe Defendants did not stop the clock.  *See Taylor v. Tumolo*, No. 19-4533, 2020 U.S. Dist. LEXIS 55624, at *40-41 (E.D. Pa. March 31, 2020) (Ex. 3) ("'[N]aming . . . a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant.'") (quoting *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3rd Cir. 2003).

Nor does Plaintiff's subsequent naming of Axon in her First Amended Complaint save her claims because Plaintiff failed to meet the necessary conditions for it to relate back to the original Complaint. Plaintiff's First Amended Complaint, which substituted Axon for the earlier John Doe defendants, was filed on July 9, 2020, after the statute of limitations elapsed. *See* FAC. Such an amendment amounts to a party substitution under Fed. R. Civ. P. 15(c). *See Garvin v. City of Phila.*, 354 F.3d 215, 220 (3rd Cir. 2003) ("Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c)[.]"). For Plaintiff's First Amended Complaint to relate back to her original Complaint (and thus bring the commencement of her claims against Axon within the applicable statute of limitations) under Fed. R. Civ. P. 15(c), three conditions must be satisfied:

> 1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading;
>
> 2) within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and
>
> 3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.

*Taylor*, 2020 U.S. Dist. LEXIS 55624, at *41 (quoting *Garvin*, 354 F.3d at 222).

Plaintiff fails to satisfy the second and third conditions.  For the second, Rule 4(m) provides a 90-day period for service.[5]  Accordingly, Plaintiff was required to notify Axon of the suit within 90 days following the filing of her original Complaint, i.e., before June 30, 2020. *See Garvin*, 354 F.3d at 221 ("The parties to be brought in by amendment must have received notice of the institution of the action within [the then-applicable] 120 days following the filing of the action, the period provided for service of the complaint by Rule 4(m)[.]").  Plaintiff failed to do so.

Nothing in the pleadings shows that Plaintiff notified Axon of the Complaint before June 30, 2020.  To the contrary, the publicly filed documents prove the opposite: Axon was sent the waiver of service on July 24, 2020, and Axon returned the waiver on August 6, 2020.  *See* Dkt. 44.  Accordingly, this action should be dismissed against Axon.

Even if resolution on the pleadings cannot be made, the Affidavit of Kelly Greenberg establishes that Plaintiff failed to notify Axon of the Complaint—formally or informally—by June 30, 2020, and that Axon did not receive such notice from any other party, individual, or entity by that deadline.  Axon did not receive notice of Plaintiff's suit until August 3, 2020, when Axon received Plaintiff's request

---

[5] Rule 4(m) formerly provided a 120-day period of service. *See* Fed. R. Civ. P. 4 at Committee Notes on Rule – 2015 Amendment.  "The presumptive time for serving a defendant [wa]s reduced from 120 days to 90 days" in 2015, 5 years before Plaintiff filed the instant action. *Id.*

to waive service of the summons and a copy of the First Amended Complaint. Aff. at ¶¶ 4, 6. Ms. Greenberg's Affidavit also establishes that, prior to August 3, 2020, Axon did not know that it was a named Defendant to the action. *Id.* at ¶ 5.

In short, Plaintiff failed to bring her claims against Axon within the applicable statute of limitations. Dismissal of Plaintiff's First Amended Complaint and all of her claims against Axon with prejudice is therefore warranted.

## II.   Plaintiff Fails to Sufficiently Plead Plausible Product Liability Claims as a Matter of Law.

Plaintiff's Amended Complaint purports to bring product liability claims against Axon, describing them as claims for "negligent design and marketing." *See, e.g.,* FAC at ¶ 164 ("The negligent design and marketing of the TASER regularly leads to its overuse on subjects."). These claims fail as a matter of law because they are insufficiently pled.

### A. Plaintiff's Negligent Marketing Claim Is Not Recognized in Pennsylvania.

To the extent Plaintiff asserts a negligent marketing claim against Axon, it finds no support under Pennsylvania law. *See Salvio v. Amgen, Inc.*, 810 F.Supp.2d 745, 751 (W.D. Pa. 2011) ("Pennsylvania does not recognize claims for negligent failure to test or negligent marketing.") (citation omitted); *Wolfe v. McNeil-PPC, Inc.*, 773 F.Supp.2d 561, 570 (E.D. Pa. 2011) ("Pennsylvania does not recognize a tort for negligent marketing.") (citations omitted). Pennsylvania permits negligent

marketing claims only in highly limited circumstances—i.e., when a pharmaceutical manufacturer's overpromotion of a drug effectively negates adequate warnings. *Baldino v. Castagna*, 478 A.2d 807, 810 (Pa. 1984) (recognizing "a cause of action against drug manufacturers for the overpromotion of a drug that nullify otherwise adequate warnings").

The narrow circumstances described in *Baldino* obviously do not exist in this case. Further, Plaintiff pleads absolutely no facts regarding Axon's marketing practices of the subject CEW and therefore makes no averments that Axon's marketing negated any warnings that Axon provided about the product. Accordingly, Plaintiff's negligent marketing claim fails as a matter of law.

## B. Plaintiff Fails to Adequately Plead a Claim for Negligent Design.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required; however, the pleading must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the District Court should conduct a two-pronged analysis. *Id.* at 679. It should first ask whether the

pleading properly asserts "well-pleaded factual allegations" or whether it instead merely asserts "legal conclusions that [are not] entitled to the assumption of truth." *Id.* at 679-80 (quotations and citations omitted). If the factual allegations are well pleaded, the court should assume their veracity and should then ask whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679.

Plaintiff's First Amended Complaint fails the first prong of this two-pronged analysis. As explained below, Plaintiff's First Amended Complaint fails to set forth any factual allegations to support a claim for negligent design.

### 1.   Plaintiff Alleges No Facts to Support a Finding of Negligence.

To state a claim for negligence, including for negligent design, a plaintiff must allege sufficient facts to support a finding that: (1) the manufacturer owed a duty to the plaintiff; (2) the defendant breached that duty; (3) such a breach caused plaintiff's injuries; and (4) actual loss or damage. *Jackson v. Louisville Ladder, Inc.*, No. 11-1527, 2011 U.S. Dist. LEXIS 135086, at *5 (M.D. Pa. Nov. 23, 2011) (Ex. 4) (citing *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)). Plaintiff's First Amended Complaint does not even recite these basic elements, let alone any factual allegations to support them. Specifically, Plaintiff does not allege that Axon owed a duty to Mr. Palmer or Plaintiff; Plaintiff does not articulate what precise duty Axon breached or how Axon breached that duty; and, Plaintiff does not allege any facts regarding how that breach proximately caused Mr. Palmer's death.

13

In fact, the First Amended Complaint specifically alleges that the conduct and/or omissions of other defendants caused Mr. Palmer's death.  Specifically, it alleges that Mr. Palmer "was declared dead at a local hospital . . . as a result of asphyxiation," FAC at ¶ 98, and that "the findings detailed in the autopsy included microscopic changes consistent with hypoxic ischemia and lead to the unambiguous medical conclusion that [Mr. Palmer] died from asphyxiation." *Id.* at ¶ 107. Plaintiff's First Amended Complaint then alleges—unequivocally—that "[t]his asphyxiation was likely caused by physical abuse, restraint, and the application of a spit-hood." *Id.* at ¶ 108.  Nowhere in the First Amended Complaint does Plaintiff allege any fact supporting a finding that Axon's CEW or conduct caused or otherwise contributed to Mr. Palmer's death.

These failures, alone, warrant the dismissal of Plaintiff's negligence claim.

2.    Plaintiff Alleges No Facts to Support a Finding of Product Defect.

Ordinary negligent design defect cases require proof that the harm caused by the product at issue could have been avoided by adding a feasible alternative design. Thus, courts considering the question have found a feasible alternative design to be an essential element of negligent design defect under Pennsylvania law. *See, e.g.*, *Kosmack v. Jones*, 807 A.2d 927, 931 (Pa. Commw. Ct. 2002) ("[A] plaintiff bears the burden of establishing that there is an alternative design" in negligent design defect cases), *allocatur denied*, 847 A.2d 1289 (2003); *Berrier v. Simplicity Mfg.*,

*Inc.*, 563 F.3d 38, 64 (3rd Cir. 2009) ("The determination of whether a product was negligently designed turns on whether 'an alternative, feasible, safer design would have lessened or eliminated the injury plaintiff suffered.'") (quoting *Habecker v. Clark Equip. Co.*, 36 F.3d 278, 281 (3rd Cir. 1994)) (applying Pennsylvania law); *Aaron v. Wyeth*, No. 2:07cv927, 2010 U.S. Dist. LEXIS 14581, at *31 (W.D. Pa. Feb. 19, 2010) (Ex. 5) (negligent design defect claim fails where "[p]laintiff failed to provide any record evidence that there was an alternate, feasible, safer design[.]"); *see also Smith v. Yamaha Motor Corp.*, 5 A.3d 314, 322-23 (Pa. Super. 2010) (requiring proof of alternative design for all-terrain vehicle); *Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143, 150 (M.D. Pa. 2017) (in determining discovery dispute, finding that proof of negligent and strict liability design claims "necessarily entails" establishment of alternative, feasible, safer design).

At a minimum, Plaintiff must specify the nature of the alleged defect in the subject CEW. *See, e.g., Jackson*, 2011 U.S. Dist. LEXIS 135086 at *5-7 (dismissing negligence and strict liability claims where plaintiff failed to allege any facts, other than mere legal conclusions, to support finding of product defect). Plaintiff fails to do so. Indeed, the First Amended Complaint identifies no defect in the subject CEW and, instead, refers only to a conclusory "negligent design." Further, the First Amended Complaint fails to identify any alternative, feasible, safer design or provide factual support that such a design exists.

15

For these reasons, Plaintiff's negligent design claim is insufficient as a matter of law and should be dismissed.

### III.   Plaintiff Fails to Sufficiently Plead a Punitive Damages Claim.

The First Amended Complaint purports to bring a punitive damages claim against Axon. *See* FAC at Count VI, WHEREFORE ¶ ("Plaintiff demands judgment in her favor, and against Defendants . . ., in an amount in excess of One Million Dollars . . ., including . . . punitive and exemplary damages as provided by law[.]"). Under Pennsylvania law, punitive damages are awarded only in rare instances to punish and deter outrageous, extreme, and egregious behavior. *Phillips v. Cricket Lighters*, 883 A.2d 439, 446 (Pa. 2005) ("Punitive damages . . . are not awarded to compensate the plaintiff for her damages, but rather to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious."). A defendant must have engaged in conduct that is malicious, wanton, reckless, willful, or oppressive to warrant punitive damages. *Rizzo v. Haines*, 555 A.2d 58, 69 (Pa. 1989). Punitive damages may only be awarded because the defendant's conduct was outrageous, because the defendant's motive was evil, or because the defendant acted with reckless indifference to the rights of others. *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)); *see also* Restatement (Second) of Torts § 908(2).

16

Plaintiff's First Amended Complaint contains no factual allegations to support a punitive damages finding.  It does not allege that Axon engaged in any type of malicious, wanton, reckless, willful, or oppressive behavior.  Indeed, much like the purported product liability claims, the First Amended Complaint fails to even set forth the basic elements of a punitive damages claim.  Thus, Plaintiff's punitive damages claim against Axon is insufficiently pled and should be dismissed.

## IV.   Plaintiff's Wrongful Death and Survival Claims Fail.

Plaintiff appears to bring wrongful death[6] and survival claims[7] against Axon. *See* FAC at Count VI, WHEREFORE ¶ ("Plaintiff demands judgment in her favor, and against Defendants . . ., in an amount in excess of One Million Dollars . . ., including both survival and wrongful death damages[.]").  Both a wrongful death action and a survival action are derivative of the original tort.  *Moyer v. Rubright*, 651 A.2d 1139, 1143 n.3 (Pa. Super. Ct. 1994) ("Both actions are derivative of the original tort[.]").  Because Plaintiff has failed to sufficiently state any product

---

[6] Pennsylvania's Wrongful Death Statute provides: "An action may be brought . . . to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery."  42 Pa.C.S. §8301.

[7] Pennsylvania's Survival Statue provides: "All cause of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."  42 Pa.C.S. §8302.

liability claims against Axon, her wrongful death and survival claims must also fail. Therefore, Plaintiff's wrongful death and survival claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff Rose Palmer's Amended Complaint and all of her claims against Defendant Axon Enterprise, Inc. should be dismissed in their entirety with prejudice.  In the alternative, there exists no dispute of material fact and Defendant Axon Enterprise, Inc. should be granted summary judgment as a matter of law.

## ORAL ARGUMENT

Defendant Axon Enterprise, Inc. respectfully requests a hearing on its Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment and any opposition thereto.

Dated: October 6, 2020        Respectfully submitted,

        */s/ Kali Enyeart Book*
        **GOODELL, DEVRIES, LEECH & DANN, LLP**
        Kali Enyeart Book *MDPA Admitted*
        (PA Bar No. 308983)
        One South Street
        20th Floor
        Baltimore, MD  21202
        Phone:  410-783-4000
        Fax:     410-783-4040
        kbook@gdldlaw.com

        ***Attorney for Defendant***
        ***Axon Enterprise, Inc.***

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.8(b)(2) for the United States District Court for the Middle District of Pennsylvania, I hereby certify that the Brief in Support of Defendant Axon Enterprise, Inc.'s Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment complies with the word count limit and does not exceed 5,000 words.  Certification is reliant on the word-processing system used to prepare the foregoing brief.  The foregoing brief contains 4255 words.

*/s/ Kali Enyeart Book*
**GOODELL, DEVRIES, LEECH & DANN, LLP**
Kali Enyeart Book *MDPA Admitted*
(PA Bar No. 308983)
One South Street
20th Floor
Baltimore, MD  21202
Phone:  410-783-4000
Fax:     410-783-4040
kbook@gdldlaw.com

***Attorney for Defendant
Axon Enterprise, Inc.***