

**Mailing Address:**
P.O. Box 999, Harrisburg, PA  17108
Street Address:
225 Grandview Avenue, Fifth Floor
Camp Hill, PA  17011
Phone:  717.237.7100  Fax:  717.237.7105

*Matthew R. Clayberger*
*(717) 237-7150*
*mclayberger@tthlaw.com*

May 10, 2022

*Via ECF Filing*

Hon. Sylvia H. Rambo
United States District Court
Middle District of Pennsylvania

Hon. Martin C. Carlson
United States District Court
Middle District of Pennsylvania

      Re:    <u>Palmer v. York County</u>, *et al.*
              1:20-CV-539
              Dispute between the Parties regarding deficiencies in Plaintiff's discovery responses

Dear Judge Rambo and Judge Carlson:

    I represent the County Defendants in the above-captioned matter.[1] This is a civil rights action involving claims based on Everett Palmer's incarceration and in-custody death at the York County Prison.  I am writing to request the Court's assistance in resolving a discovery dispute that recently has arisen.  The discovery dispute is summarized below.

    I respectfully request that the Court convene a phone conference to resolve the dispute.

### *Background of the Current Discovery Dispute*

    On December 18, 2021, my office served interrogatories and requests for production on Plaintiff. We eventually received responses to those requests on March 30,

---

[1] The County Defendants consist of Defendants York County, York County Prison Board of Inspectors, Eric Emig, Nicholas Cessna, Donald Kopp, Timothy Irizarry, Greggory Clark, William Lybrand, Tyler Larkin, Max Fink, Wayne Smith, Ted Konasol, Nathan Fitzkee, Steven Bolding, and Ronald Belt.

**THOMAS, THOMAS & HAFER** LLP

Page 2

2022.[2] However, after review, there were several deficiencies within the responses that required attention. I sent a letter to Plaintiff's counsel on April 13, 2022, setting forth the deficiencies in an effort to resolve the dispute without the need for Court intervention.[3] It was requested that Plaintiff cure the deficiencies within fourteen days of the letter. I advised that if a response was not received, a letter would be filed requesting a phone conference to resolve the dispute. More than fourteen days have elapsed, and I have not received a response from Plaintiff.

### *Authorization to Obtain Mr. Palmer's Tax Returns*

In Request for Production No. 12, the County Defendants requested copies of Mr. Palmer's tax records from the five-year period preceding his death. In Plaintiff's Response to Request for Production No. 12, Plaintiff stated that she did not possess Mr. Palmer's tax returns, but that she was willing to execute an authorization for the release of that information. Thus, I provided a copy of IRS Form 4506 to Plaintiff's counsel along with my April 13th correspondence, which had been filled out to request Mr. Palmer's tax returns for the five-year period preceding his death. It was requested that Plaintiff execute this authorization and return a signed and dated copy to me. In addition, the IRS requires the submission of Mr. Palmer's death certificate and a copy of the letters testamentary issued to Plaintiff in order for the IRS to process the request for Mr. Palmer's tax returns. I requested that Plaintiff produce copies of the death certificate and letters testamentary along with the executed authorization. As of the date of this filing, I have not received any response from Plaintiff concerning these records or the subject IRS authorization. It is requested that the Court direct Plaintiff to execute the IRS authorization and provide the requested records to my office, since Mr. Palmer's tax records are relevant to the question of economic damages.

### *A list and description of all expenses and losses being claimed in connection with the incident alleged in this lawsuit*

In Interrogatory No. 2, Plaintiff was asked to list and describe all expenses and losses being claimed in connection with the incident alleged in this lawsuit. Rather than providing a substantive response, Plaintiff simply indicated that discovery is ongoing, and she reserved the right to "supplement this response accordingly." This response is patently insufficient, as it provides no information relating to the claimed expenses and losses at

---

[2] True and accurate copies of Plaintiff's discovery responses are attached hereto as Exhibit A.

[3] A true and accurate copy of my letter to Plaintiff's counsel is attached hereto as Exhibit B.

**THOMAS, THOMAS & HAFER** LLP

Page 3

issue in this litigation. While it is true that discovery is ongoing in this matter, any losses and expenses relating to Mr. Palmer's death have already been sustained and are able to be calculated. As such, Plaintiff should be compelled to provide an amended Answer to Interrogatory No. 2, which specifically enumerates and describes all expenses and losses at issue in the litigation.

### *A list of damages to which Plaintiff claims an entitlement under her wrongful death, survival action, and other claims, and the basis for her claim to such damages*

In Interrogatory Nos. 3-5, Plaintiff was asked to list all items of damages to which she claims an entitlement under her wrongful death, survival action, and other claims, and she was also asked to provide information setting forth the basis for her claim to such damages. In response to these Interrogatories, Plaintiff directed us to the Complaint and the 250+ pages of records produced in connection with Plaintiff's Initial Disclosures. These responses are insufficient under Rule 33(d)(1), which requires a responding party to specify records in sufficient detail to enable the interrogating party to locate and identify the information sought in the subject interrogatory. In this instance, a generic citation to the pleading and hundreds of pages of documents does not enable my clients to readily ascertain the specific information contained in the records that are responsive to these Interrogatories. Beyond this, the Complaint and Initial Disclosures do not actually provide any information concerning the extent of Plaintiff's damages, including the amount of economic damages or substantiation for the same.[4] Accordingly, Plaintiff should be compelled to produce amended Answers to Interrogatory Nos. 3-5 that are responsive to the requests and compliant with Rule 33.

### *Identification of media outlets, members of the press, government agencies, and elected officials*

Finally, in Interrogatory Nos. 26 and 27, Plaintiff was asked to identify all media outlets, members of the press, government agencies, and elected officials whom Plaintiff and her counsel have communicated with concerning the subject matter of this litigation. Plaintiff objected to these Interrogatories, claiming that the same were overly broad, unduly burdensome, intended to harass, and irrelevant. Plaintiff's objections were not stated with specificity, nor were they timely asserted. Therefore, Plaintiff's objections to Interrogatory Nos. 26 and 27 are waived under Fed.R.Civ.P. 33(b).

---

[4] Plaintiff's Initial Disclosures merely consisted of records relating to Mr. Palmer's criminal case, Mr. Palmer's autopsy report, and a copy of the County Defendants' pre-complaint document production from the separately-filed state court action.

**THOMAS, THOMAS & HAFER** LLP

Page 4

Even if the objections were not waived, the same are without merit. These Interrogatories are not overly broad, as they relate specifically to the subject matter of this litigation. These Interrogatories neither harass, nor pose an undue burden on Plaintiff, as they relate directly to the subject matter of this litigation and the information is readily available to both Plaintiff and her counsel. Lastly, these Interrogatories clearly seek relevant information concerning the subject matter of the lawsuit, and may lead to the discovery of admissible evidence, such as statements made by Plaintiff relating to this lawsuit or Mr. Palmer's incarceration. As such, Plaintiff should be compelled to produce amended Answers to Interrogatory Nos. 26 and 27.

The County Defendants thank Your Honors in advance for the Court's assistance in scheduling a phone conference to resolve the discovery dispute regarding Plaintiff's responses to County Defendants' written discovery requests. If Your Honors have any questions or concerns about the dispute or the instant request for a phone conference, please do not hesitate to contact me.

        Respectfully submitted,

        **Thomas, Thomas & Hafer, LLP**

        */s/ Matthew R. Clayberger*
        Matthew R. Clayberger, Esq.
        Counsel for the County Defendants

cc:  Counsel of Record via ECF